UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ROLAND DAMOND FOSTER**<br>         **LA. DOC #388528**<br>**VS.** | **CIVIL ACTION NO. 5:13-cv-2893**<br><br>**SECTION P**<br><br>**JUDGE ELIZABETH E. FOOTE** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Roland Damond Foster, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for *habeas corpus* (28 U.S.C. §2254) on October 16, 2013. Petitioner attacks his 2007 convictions for third offense possession of marijuana and possession with intent to distribute cocaine, his subsequent adjudication as a third felony offender and the hard labor sentences imposed thereafter by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On October 18, 2007, petitioner was found guilty as charged of third offense possession of marijuana and possession with intent to distribute cocaine. Thereafter, he was adjudicated a third felony offender and sentenced to serve concurrent sentences of 2 and 35 years at hard labor.

He appealed his convictions, his adjudication, and the sentences to the Second Circuit Court of Appeals. [Doc. 1-4, Appendix A, pp. 1-37]  On January 28, 2009, the Second Circuit

Court of Appeals affirmed the convictions but vacated the multiple offender adjudication and sentence, and on February 19, 2009, his application for rehearing was denied. *State of Louisiana v. Roland Damond Foster*, 43-777 (La. App. 2 Cir. 1/28/2009), 3 So.3d 595. [Doc. 1-4, Appendix B, pp. 38-47]

In a letter dated October 21, 2009, petitioner's retained appellate counsel, Ms. Kenota L. Pulliam, advised petitioner that she had been suspended from the practice of law. She also advised petitioner that attorneys with whom she shared office space were "... willing to continue representing your legal interest...," and that in the alternative petitioner was free to seek representation elsewhere. [Doc. 10-1, p. 1] It is unclear whether or not petitioner conveyed his wishes to Ms. Pulliam thereafter. In any event, neither petitioner nor anyone acting on his behalf, applied for writs in the Supreme Court.

The State of Louisiana, however, did apply for *certiorari* in the Louisiana Supreme Court and on November 25, 2009, the Court granted writs and reinstated petitioner's third felony offender adjudication and the sentences imposed by the trial court. *State of Louisiana v. Roland Damond Foster*, 2009-0617 (La. 11/25/2009), 23 So.3d 885. [Doc. 1-5, Appendix G, pp. 72-75] Neither the petitioner nor the State sought further review in the United States Supreme Court.

In a letter dated April 26, 2010, petitioner corresponded with the Clerk of the Supreme Court seeking information concerning pending proceedings; his letter further noted that he "...recently found that my appellate counsel was disbarred..." [Doc. 10-1, p. 3]

On April 28, 2010, James H. Looney, Executive Director of the Louisiana Appellate Project advised petitioner that his prior letter to staff attorney Paula Marx had been forwarded to him for response.  Mr. Looney thereafter advised petitioner that the Louisiana Appellate Project

had no knowledge of his case and did not have access to his records. [Doc. 10-1, pp. 5-6]

On May 3, 2010, petitioner submitted documents to the Louisiana Supreme Court for filing in Docket Number 09-K-0617. On May 6, 2010, the Clerk of the Supreme Court returned the pleadings unfiled noting, "... the Court granted with order the State's application on November 25, 2009, under number 09-K-0617... we have no record that anything was filed on your behalf in this Court." [Doc. 10-1, pp. 8 and 10] In May and June 2010 petitioner corresponded with the Louisiana Attorney Disciplinary Board, and in a letter dated May 27, 2010, the Board advised that they were unable to locate Ms. Pulliam's "client file." [Doc. 10-1, pp. 19-20]

On September 16, 2010, petitioner filed a *pro se* application for post-conviction relief. [Doc. 1-5, Appendix C, pp. 1-49; Doc. 10-1, pp. 12-13] On November 12, 2010, the District Court denied post-conviction relief and provided reasons for judgment. [Doc. 1-5, Appendix D, pp. 50-54] Petitioner thereafter applied for writs in the Second Circuit Court of Appeals. On February 11, 2011, the Court of Appeals denied petitioner's application with regard to the majority of his claims; however, the Court granted writs with regard to petitioner's claim that counsel failed to convey the State's plea offer to him. The Court of Appeals remanded the matter to the District Court for an evidentiary hearing on that issue. *State of Louisiana v. Roland Damond Foster*, 46,287-KH. [Doc. 1-6, Appendix H, pp. 1-3]

Thereafter, on April 21, 2011, the District Court convened an evidentiary hearing. [Doc. 1-3, Exhibit K, pp. 1-47 (transcript)] On December 7, 2011, the District Court denied post-conviction relief on the remaining issue of ineffective assistance of counsel. [Doc. 1-6, Appendix J, pp. 6-8]

Petitioner sought writs in the Second Circuit and filed a motion to supplement. On May 3, 2012, the Court of Appeals "found no error in the trial court's ruling" since the petitioner failed to meet the burden of proof; the Court also denied the motion to supplement because petitioner failed to include the supplemental information. *State of Louisiana v. Roland Damond Foster*, 47,401-KH. [Doc. 1-6, Appendix K, pp. 9-10]

In a pleading submitted for mailing on May 14, 2012, [Doc. 10-1, p. 15] but post-marked May 18, 2012, petitioner sought rehearing in the Court of Appeals. On July 16, 2012, the Court issued an order which stated, "Rehearing Not Considered" based on Uniform Rule Court of Appeals 2-18.7 which does not allow consideration of an application for rehearing where the original writ application is denied. *State of Louisiana v. Roland Damond Foster*, 47,608-KH. [Doc. 1-6, Appendix L, pp. 11-12]

On August 14, 2012, petitioner submitted a *pro se* application for *certiorari* to the Louisiana Supreme Court. [Doc. 1-6, Appendix M, pp. 13-60; Doc. 10-1, p. 17] Thereafter, petitioner submitted two Supplemental Applications for *Certiorari*. [Doc. 1-7, Appendix N, pp. 1-31; Appendix O, pp. 32-44] On September 13, 2013, his application for writs was denied by the Louisiana Supreme Court without comment. *State of Louisiana ex rel. Roland Damond Foster v. State of Louisiana*, 2012-1887 (La. 9/13/2013), 120 So.3d 277. [Doc. 1-7, Appendix P, pp. 45-46]

The instant *habeas corpus* petition, dated October 14, 2013, was received by the prison's Legal Programs Department on October 15, 2013, and filed electronically on October 16, 2013. [Doc. 1, p. 79]

4

*Law and Analysis*

*1. Limitations*

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *See also Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains properly filed and pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

---

[1] The pleadings and exhibits do not suggest that petitioner may rely upon the reckoning periods established by §2244(d)(1)(B), (C), or (D). Petitioner does not claim any state-created impediments to filing; nor does he allege the recent discovery of the factual basis for his claim; nor does he allege the applicability of new and retroactively applicable Supreme Court jurisprudence.

5

Petitioner timely appealed his conviction, adjudication, and sentence. He was initially granted relief by the Court of Appeals with respect to his adjudication as a multiple offender; however, the Louisiana Supreme Court granted the State's writ application, reversed the Court of Appeals' judgment, and reinstated the convictions, adjudication, and sentences on November 25, 2009. *State of Louisiana v. Roland Damond Foster*, 2009-0617 (La. 11/25/2009), 23 So.3d 885. [Doc. 1-5, Appendix G, pp. 72-75] Neither the petitioner nor the State sought further review.

Thereafter, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about February 24, 2010, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. *See* Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) Since petitioner's judgment of conviction became final for AEDPA purposes on February 24, 2010, petitioner had one year, or until February 24, 2011, to file his federal *habeas corpus* suit.

Petitioner filed a timely application for post-conviction relief in the First Judicial District Court on September 16, 2010. [Doc. 1-5, Appendix C, pp. 1-49; Doc. 10-1, pp. 12-13] He was thus able to toll the running of limitations pursuant to Section 2244(d)(2); however, by the time the application was filed, a period of 204 days of the 1-year period of limitation had elapsed.

That application remained properly filed and pending in the District Court and in the Court of Appeals until either May 3, 2012, when the Court of Appeals denied writs [*State of Louisiana v. Roland Damond Foster*, 47,401-KH; Doc. 1-6, Appendix K, pp. 9-10] or June 4, 2012, when the delay for filing writs in the Supreme Court elapsed.

6

As noted above, instead of seeking writs with the Supreme Court, petitioner applied for rehearing in a pleading submitted for mailing on May 14, 2012 [Doc. 10-1, p. 15] and post-marked May 18, 2012. Thereafter, on July 16, 2012, the Court of Appeals rejected his pleading and, relying upon Uniform Rule 2-18.7 (which sets forth the conditions under which rehearing may be considered[2]) issued an order which stated, "Rehearing Not Considered." *State of Louisiana v. Roland Damond Foster*, 47,608-KH. [Doc. 1-6, Appendix L, pp. 11-12]

Petitioner did not submit his application for *certiorari* to the Louisiana Supreme Court until August 14, 2012. [Doc. 1-6, Appendix M, pp. 13-60; Doc. 10-1, p. 17] On September 13, 2013, his application for writs was denied by the Louisiana Supreme Court without comment. *State of Louisiana ex rel. Roland Damond Foster v. State of Louisiana*, 2012-1887 (La. 9/13/2013), 120 So.3d 277. [Doc. 1-7, Appendix P, pp. 45-46]

Clearly, petitioner's August 14, 2012, writ application was not timely under Louisiana Supreme Court Rule X, §5(a) which provides–

> An application seeking to review a judgment of the court of appeal ... after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal <u>in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing</u>. No extension of time therefor will be granted. [Emphasis supplied]

In other words, it appears that petitioner's State post-conviction application ceased to be properly filed, and thus pending so as to toll limitations pursuant to Section 2244(d)(2), when

---

[2] The Rule provides – "An application for rehearing will be considered in cases where the court has: (A) Granted a writ application on the merits; (B) Dismissed an appeal; or (C) Rule on the merits of an appeal." Rule 2-18.7. Thus, the rule does not permit an application for rehearing following the appellate court's writ denial.

7

petitioner failed to timely seek further collateral review in the Supreme Court following the Second Circuit's judgment denying writs.[3]  Pursuant to Supreme Court Rule X, §5(a), petitioner had a period of thirty days from that date, or until June 4, 2012, to timely file his application for *certiorari*.  Petitioner did not file his application with the Supreme Court until August 14, 2012, and by that time the Rule X deadline had long passed.  Petitioner cannot rely upon the pendency of his application for rehearing to extend the Rule X deadline, since as noted above, the rule specifies that the deadline is to be calculated from the date that notice of judgment is mailed and may be calculated from the date that rehearing is denied only "...in those instances where rehearing is allowed... ."As has been shown, rehearing is not allowed in those cases where the applicant seeks rehearing of a writ denial. See Uniform Rule 2-18.7; see also, *Gaudet v. Cain*, 31 Fed.Appx. 835 (5th Cir. 2002)(unpublished)("Gaudet's first state post-conviction application ... ceased to be pending on August 28, 1998, when Gaudet failed to file timely an application for supervisory writs with the Louisiana Supreme Court from the August 28, 1998, writ denial. Gaudet's application for rehearing did not toll the AEDPA limitations period.") (See also *Y.F.B. v. R.D.R.*, 2001-0345 (La. 4/12/2001), 787 So.2d 276 (Which was cited in *Gaudet, supra* and which held, "Although relator's application in this court was filed within thirty days from the court of appeal's denial of rehearing, Supreme Court Rule X, § 5(a) extends the thirty day period for taking writs to this court only 'in those instances where a rehearing is allowed' in the court of appeal.  Uniform Court of Appeal Rules 4-9 and 2-18.7 do not provide for a rehearing from a

---

[3] For the purposes of this Report and Recommendation, it is presumed, in the absence of evidence to the contrary, that the Court of Appeals followed its own rule and mailed Notice of Judgment to petitioner on the same date that judgment was rendered. See Uniform Rules, Courts of Appeal, Rule 4-6; 2-17.1 and 2-17.2. In the event that petitioner maintains that Notice of Judgment was mailed on some date other than May 3, 2012, he should provide proof thereof.

denial of an application for supervisory writs. Accordingly, the delay for taking writs to this court ran from the court of appeal's original writ denial, not its denial of rehearing."))

Clearly then, having failed to submit his application for writs to the Louisiana Supreme Court within the thirty day period specified by that Court's Rule X, §5(a), petitioner's State post-conviction proceeding ceased to be properly filed and pending on either May 3, 2012 (the date of the Court of Appeals' judgment) or June 4, 2012 (the date that the Rule X deadline expired). *See Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000) (Petitioner's application for post-conviction relief in Louisiana courts ceased to be 'properly filed' for purposes of tolling the limitations period for filing federal *habeas* petition when petitioner failed to file his application for supervisory writ of review from denial of post-conviction relief with Louisiana Supreme Court within thirty day period allowed by state court rule, as state court rule contained no exceptions or exclusions to time requirement and prohibited any extensions to thirty day period; further, the Court need not decide whether the application in the Louisiana courts ceased to be pending when the intermediate appellate court denied his application for a supervisory writ or thirty days later, when his time for filing an application for a supervisory writ with the Louisiana Supreme Court expired under Rule X, § 5(a).)

Thereafter, whether calculated from May 3 or June 4, 2012, a period well in excess of one-year lapsed un-tolled before petitioner filed the instant petition on October 14, 2013. His petition is therefore time-barred under the provisions of the AEDPA.

## 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th

9

Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case. It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Indeed, the petitioner allowed the AEDPA limitations to expire because he himself erred when he attempted to circumvent the Court of Appeals rules by filing a petition for rehearing following the denial of writs on collateral review.

Nevertheless, this is a Report and Recommendation, and, as shown below, petitioner may object to this Report and he is encouraged to provide evidence and argument to support any claim of equitable tolling.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH**

**PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).[4]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days**

---

[4] **As noted above, petitioner is encouraged to file timely objections to this Report and to provide evidence in support of any claim he may have to establish that his petition is timely or, if untimely, that he is entitled to equitable tolling of the AEDPA's limitation period. SHOULD HE OBJECT, HE IS SPECIFICALLY DIRECTED TO PROVIDE EVIDENCE TO SUPPORT THE NOTION THAT HIS APPLICATION FOR** *CERTIORARI* **ON COLLATERAL REVIEW WAS IN FACT TIMELY FILED IN THE LOUISIANA SUPREME COURT. HE IS ALSO ENCOURAGED TO PROVIDE SUCH EVIDENCE AS IS AVAILABLE TO ESTABLISH HIS ENTITLEMENT TO EQUITABLE OR STATUTORY TOLLING.**

**from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, February 13, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE